UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC K. JONES,

        Plaintiff,                Case No. 1:10-cv-386

v.                                      Honorable Janet T. Neff

UNKNOWN COSGROW et al.,

        Defendants.
        _____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Lafler, Rapelje, McKee, Young, Schooly, Duncan, Vashaw and VanCourt. The Court will serve the complaint against Defendants Cosgrow, Mackallister, Labelle, Gaskill, RUM Buczek, Zypeta, Captain Buczek, Anderson and Castle.

**Discussion**

I.      Factual allegations

Plaintiff Isaac K. Jones presently is incarcerated at the Bellamy Creek Correctional Facility (IBC). The actions he complains of occurred while he was housed at IBC and while housed at the Carson City Correctional Facility (DRF) and the Saginaw Correctional Facility (SRF). He sues DRF Corrections Officer (unknown) Mackallister, Resident Unit Officer (unknown) Cosgrow, Sergeant (unknown) Labelle, Warden Blaine C. Lafler, Lieutenant (unknown) Vashaw, and Grievance Coordinator S. Duncan. He also sues SRF Resident Unit Manager (RUM) (unknown) Buczek, Assistant Resident Unit Supervisor (ARUS) (unknown) Zypeta, Captain (unknown) Buczek, Hearings Officer Joseph VanCourt, and Warden Lloyd Rapelje.[1] Finally, he sues the following officials at IBC: Unit Officer (unknown) Anderson, School Officer (unknown) Castle, Prison Inspector (unknown) Young, Deputy (unknown) Schooly, and Warden Kenneth McKee.[2]

Plaintiff alleges that, on January 28, 2008, while he was housed at DRF, Defendant Cosgrow improperly opened and read his closed outgoing legal mail. When confronted about it, Cosgrow told Plaintiff, "Nigger, you will do as I say, or you won't go home." (Compl. Facts, 1, docket #1 at 10.) Plaintiff grieved Cosgrow's conduct. On June 19, 2008, he was assaulted by Defendants Labelle and Gaskill. Plaintiff alleges that he was choked until he was unconscious, but he received no medical treatment. Plaintiff wrote to Defendant Lafler on June 26, 2008, expressing his desire to file a complaint with the Michigan State Police about the treatment of Lafler's staff.

---

[1]Plaintiff spells Defendant Rapelje's name as "Rapelide." The Court has used the name as spelled on the official website of the Michigan Department of Corrections. *See* http://www.michigan.gov/corrections/0,1607,7-119-1381_1385-5263--,00.html.

[2]Plaintiff spells Defendant McKee's name as "McKey." Again, the Court has used the name as spelled on the official MDOC website. *See* http://www.michigan.gov/corrections/0,1607,7-119-1381_1385-5481--,00.html.

Thereafter, on July 2, 2008, he was assaulted by Defendant Cosgrow, who held a knife to Plaintiff's face while Defendant Mackallister sexually assaulted Plaintiff in his bed. Cosgrow also took 22 pictures of Plaintiff's family and told Plaintiff that he would harm Plaintiff's family if Plaintiff did not sign off on his grievances. Plaintiff also was placed in segregation for three days, despite not having been issued a notice of intent or a misconduct ticket. Cosgrow threatened to send Plaintiff to several other MDOC facilities to be "fucked-up." (Compl. Facts, 1.) Plaintiff alleges that Defendants Duncan and Vashaw failed to conduct a complete investigation into the matter.

Plaintiff was transferred to SRF. He alleges that, on October 6, 2008, Defendants RUM Buczek and ARUS Zypeta refused to mail Plaintiff's appeal brief. He wrote a grievance, and, when he refused to sign off on his grievance, he was placed in segregation for a week, again without a notice of intent or misconduct ticket being issued. The officers placed Plaintiff on grievance restriction and would not allow legal writers to assist him. Captain Buczek (husband of RUM Buczek) came to Plaintiff's cell with two officers and took Plaintiff's appeal brief, other legal documents, affidavits and grievances. Captain Buczek threatened to have Plaintiff transferred to other high-level correctional facilities to be "fuck[ed]-up" again. (Compl. Facts, 1.)

On March 25, 2010, while Plaintiff was at IBC, Defendant Anderson tried to get another prisoner, Cleveland Smelly, to put a weapon in Plaintiff's cell. Anderson threatened Smelly that, if he did not do what Anderson told him, Smelly would not be going home. Smelly wrote a statement about the threat. On April 5, 2010, Anderson sang a racist song directed at Plaintiff. Anderson told Plaintiff, "Nigger, I should take you to the hole and kill you my self since RUM Cosgrow didn't do it." (Compl. Facts, 2.) Anderson again threatened Plaintiff on April 11, 2010, saying that he should "beat your ass right now, nigger." (*Id.*) Similarly, on April 7, 2010,

Defendant Castle threatened to beat Plaintiff like Officer Brown had beaten another inmate, saying, "[N]igger, know your place and do as I say." Plaintiff again wrote a grievance. Plaintiff talked to Defendants Young and Schooly about the problems on April 8, 2010. He was told to sign off on the grievances and to learn to deal with Officer Anderson. Plaintiff alleges that he wrote grievances and informed McKee that he feared for his life at St. Louis Correctional Facility, Chippewa Correctional Facility, Marquette Correctional Facility, Newberry Correctional Facility, Oaks Correctional Facility, Ionia Maximum Correctional Facility, Earnest C. Brooks Correctional Facility, Cooper Street Facility and Kinross Correctional Facility.

Plaintiff alleges claims of retaliation, assault, interference with his First Amendment rights, intimidation and racial harassment. He sues all Defendants in their official and individual capacities and seeks punitive and nominal damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.

Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff makes allegations against the wardens of all three institutions, Defendants Lafler, Rapelje and McKee. He alleges that each of the wardens is responsible for allowing his employees to retaliate and to subject Plaintiff to threats and abusive treatment. Plaintiff also alleges that he informed Defendants Young and Schooly about his problems at IBC, yet they did nothing. Finally, he alleges that Defendants Duncan and Vashaw failed to conduct a complete investigation into Plaintiff's grievances about Defendants Cosgrow, Labelle, Gaskill and Mackallister, and that Defendant VanCourt refused to do an investigation of Plaintiff's complaints about Defendants Buczek and Zypeta.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at

1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Lafler, Rapelje, McKee, Young, Schooly, Duncan, Vashaw and VanCourt engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff's claims against Defendants Cosgrow, Mackallister, Labelle, Gaskill, RUM Buczek, Zypeta, Captain Buczek, Anderson and Castle sufficiently state a claim for relief and will be served.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Lafler, Rapelje, McKee, Young, Schooly, Duncan, Vashaw and VanCourt will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants

Cosgrow, Mackallister, Labelle, Gaskill, RUM Buczek, Zypeta, Captain Buczek, Anderson and Castle.

      An Order consistent with this Opinion will be entered.


Dated:  May 20, 2010            /s/ Janet T. Neff
                                          Janet T. Neff
                                          United States District Judge