UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ISAAC JONES,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                         Case No. 1:10-CV-386

JAMES COSGROVE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Complaint for a Restraining Order, (dkt. #19); Plaintiff's Motion for Preliminary Injunction, (dkt. #34); and Plaintiff's Complaint for a Restraining Order, (dkt. #59). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions all be **denied**.

Alleging that he is being harassed by prison officials in retaliation for pursuing the present action, Plaintiff requests that the Court issue an order directing prison officials "to cease and desist harassment concerning pending § 1983 action." Plaintiff also requests that he be "moved away from all defendants by 10 United States Marshals."

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the

movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff presents absolutely no evidence in support of his allegations. He has failed to demonstrate that he is likely to prevail on the merits of his various claims or that he has (or will) suffer any injury for which he has no legal remedy. Plaintiff has likewise failed to establish that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Complaint for a Restraining Order</u>, (dkt. #19); <u>Plaintiff's Motion for Preliminary Injunction</u>, (dkt. #34); and <u>Plaintiff's Complaint for a Restraining Order</u>, (dkt. #59), all be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 7, 2011

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge